**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                        *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRUDY HOLLOWAY** | : | **Civil Action No.** |
| **323 Dague Farm Drive** | : | |
| **Coatesville, PA 19320** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **CHILDREN'S HOSPITAL OF** | : | |
| **PHILADELPHIA,** | : | |
| **3401 Civic Center Boulevard** | : | |
| **Philadelphia, PA 19104** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Trudy Holloway (hereinafter "Plaintiff"), by and through her attorney, Koller

Law, LLC, bring this civil matter against Children's Hospital of Philadelphia (hereinafter

"Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended,

the Pennsylvania Human Relations Act ("PHRA"), and the Family and Medical Leave Act

("FMLA") of 1993, 29 U.S.C. § 2601 *et. seq.*.  In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Children's Hospital of Philadelphia is a children's hospital

   with a location and corporate headquarters located at 3401 Civic Center Boulevard,

Philadelphia, PA 19104.

4. At all times material hereto, Plaintiff was an eligible employee under the FMLA.  Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

5. At all times material hereto, Defendant was an eligible employer under the FMLA. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe

<u>Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

<u>**EXHAUSTION OF ADMINISTRATIVE REMEDIES**</u>

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted her administrative remedies under the ADA and the PHRA.

15. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

16. The Charge was assigned a Charge Number of 530-2021-01538 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Right to Sue is dated May 11, 2021. Plaintiff received the Right to Sue by mail.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. On June 18, 2018, Defendant hired Plaintiff in the position of Foundations Business Manager.

23. Plaintiff was well qualified for her position and performed well.

24. On June 29, 2020, Plaintiff transferred her to the position of Financial Data Analyst II.

25. Approximately two (2) weeks into taking over the role as Financial Data Analyst II, Plaintiff began to experience, headaches, dizziness and pain and ringing in her ears and informed Defendant of same.

26. In or around August 2020, Plaintiff was diagnosed with Ottis Media (middle ear infection) in both of her ears.

27. Shortly thereafter, Plaintiff received multiple medical treatments to treat her Ottis Media.

28. However, Plaintiff did not respond to the medical treatments and her symptoms persisted and worsened.

29. By late August 2020, Plaintiff was additionally suffering from vibrations in her head, facial numbness, and Tinnitus (ringing in the ears).

30. Plaintiff informed Defendant of the severe and increasing symptoms of her disabilities that she had been experiencing, as well as her medical need to be absent from work on

various occasions to manage her symptoms, undergo various diagnostic tests, and receive treatment, thereby advising Defendant of her need for a reasonable accommodation.

31. However, Michelle Ulrich, Manage of Revenue and Reimbursement, proceeded to reprimand Plaintiff for not taking adequate notes during meetings, despite the fact that she was fully aware that Plaintiff's disabilities prohibited her from hearing well enough to take detailed notes.

32. On or about August 26, 2020, Plaintiff was treated by an Otolaryngologist who diagnosed Plaintiff with Hearing Loss in her left ear and ordered additional testing.

33. Throughout September 2020, Plaintiff continued to suffer from the aforesaid symptoms and informed Defendant of same.

34. Plaintiff underwent a Computed Tomography Scan ("CAT Scan") and Magnetic Resonance Imaging ("MRI") and yet her physician was unable to ameliorate her suffering.

35. As a result, Plaintiff was concerned that her disabilities were only worsening and approached Defendant to discuss her options should she require additional accommodations such as time away from the workplace.

36. Although Plaintiff advised Defendant she was suffering from serious health conditions that qualified her for a leave of absence under the Family and Medical Leave Act ("FMLA"), Defendant failed to offer Plaintiff information regarding FMLA leave during this conversation.

37. Furthermore, Chronic Ottis Media, Tinnitus, and Hearing Loss are disabilities within the meaning of the Americans with Disabilities Act of 1990, ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA") in that they substantially impair one or

more of Plaintiff's major life activities, including, but not limited to, hearing and concentrating.

38. However, rather than engaging in the interactive process and considering Plaintiff's medical need for an accommodation, Defendant instead denied her the right to utilize FMLA leave and chastised her when she requested the reasonable accommodation of being absent from work due to her disabilities. Defendant further failed to discuss any alternate accommodations notwithstanding Plaintiff's concern that the symptoms of her disabilities were negatively impacting her ability to perform her job duties satisfactorily.

39. On or around October 7, 2020, Defendant abruptly terminated Plaintiff's employment, allegedly due to poor performance.

40. During the conversation wherein Defendant terminated Plaintiff's employment, Plaintiff again stated that her disabilities significantly impacted her ability to concentrate and reasserted her need for a reasonable accommodation.

41. However, Ms. Ulrich flatly denied Plaintiff's request and stated that Defendant was unwilling to wait for Plaintiff's symptoms to resolve.

42. It is Plaintiff's position that Defendant discriminated against her due to her disabilities, and retaliated against her for requesting a reasonable accommodation in violation of the ADA and PHRA.  Plaintiff also contends that Defendant interfered with her rights under the FMLA and/or retaliated against her based on her request for a medical leave of absence to which she was entitled pursuant to the FMLA.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

43. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

44. Plaintiff is a "qualified individual with a disability" as that term is defined under the

ADA because Plaintiff has, or had, at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

45. Plaintiff was qualified to perform the job.

46. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

47. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

48. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

49. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

50. The purported reason for Defendant's decision is pretextual.

51. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

52. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

53. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Plaintiff is a "qualified individual with a disability" as that term is defined under the

PHRA because Plaintiff has, or had, at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

56. Plaintiff was qualified to perform the job.

57. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

58. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

59. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

60. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

61. The purported reason for Defendant's decision is pretextual.

62. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

63. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

64. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

65. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

66. Plaintiff engaged in activity protected by ADA when she requested reasonable

accommodations.

67. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

68. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

69. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

70. Plaintiff engaged in activity protected by the PHRA when she requested reasonable accommodations.

71. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

72. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – INTERFERENCE
## FAMILY MEDICAL LEAVE ACT, FMLA 29 USCA §2615(b) *et. seq.*

73. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

74. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

75. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave in order to care for her own serious medical conditions.

76. Plaintiff gave Defendant proper notice of her own qualifying serious health conditions under the FMLA.

77. Plaintiff was entitled to benefits under the FMLA.

78. Plaintiff attempted to exercise hher FMLA rights.

79. Defendant unlawfully prevented Plaintiff from obtaining those benefits.

80. Defendant acted in bad faith by interfering with Plaintiff's application for FMLA leave.

81. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

82. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1)

83. As a result of Defendant's discrimination, Plaintiff suffered adverse employment actions causing her harm.

**WHEREFORE**, Plaintiff, Trudy Holloway, requests that the Court grant her the relief against Defendant set forth in the Prayer for Relief clause, *infra*.

**COUNT VI – RETALIATION**
**FAMILY MEDICAL LEAVE ACT, FMLA 29 USCA §2615(b) *et. seq.***

1. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

2. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for Family and Medical Leave Act Leave.

3. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave in order to care for her own serious medical conditions.

4. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

5. Plaintiff was entitled to benefits under the FMLA.

6. Plaintiff attempted to exercise her FMLA rights.

7. Defendant's motivation for terminating Plaintiff was connected causally to Plaintiff's attempt to exercise her FMLA rights.

8. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

9. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Trudy Holloway, requests that the Court grant her the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, the PHRA and the FMLA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in,  training  programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: July 19, 2021             By:  */s/ David M. Koller*
                                     David M. Koller, Esquire (90119)
                                     2043 Locust Street, Suite 1B
                                     Philadelphia, PA 19103
                                     215-545-8917
                                     davidk@kollerlawfirm.com

                                     *Counsel for Plaintiff*